Cao v. Lynch

BIA
Poczter, IJ
A205 442 607

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand seventeen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges.*

_____

CHENGCHENG CAO,
>        *Petitioner,*

>        v.                                            15-2382
>                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jesse M.
                         Bless, Senior Litigation Counsel;
                         Colette J. Winston, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chengcheng Cao, a native and citizen of the People's Republic of China, seeks review of a July 9, 2015, decision of the BIA affirming a November 25, 2013, decision of an Immigration Judge ("IJ") denying Cao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chengcheng Cao,* No. A205 442 607 (B.I.A. July 9, 2015), *aff'g* No. A205 442 607 (Immig. Ct. N.Y. City Nov. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of

2

future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). "[The] alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). Cao failed to establish a well-founded fear of persecution in China on account of her intentions to practice her Christian faith in an unregistered church and to proselytize.

The country conditions evidence established that tens of millions of Christians practice in unregistered churches in China and that in some areas religious practices are tolerated without interference. Therefore, despite evidence of sporadic arrests of religious practitioners and public proselytizers, Cao failed to demonstrate "systemic or pervasive" persecution

3

of similarly situated Christians who proselytize privately sufficient to demonstrate a pattern or practice of persecution in China. *See In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Cao also failed to establish an objectively reasonable fear of being singled out for persecution. She did not assert that Chinese officials are aware of her religious practice. *See Hongsheng Leng*, 528 F.3d at 143. And, given the tens of millions of unregistered Christian practitioners in China, she did not demonstrate that Chinese officials are likely to discover her religious activities as required to establish an objectively reasonable fear. *See id.* Further, Cao did not identify any incidents of religious persecution in her home province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143, 149 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to her local area when persecutory acts vary according to locality).

Accordingly, because the agency reasonably found that Cao failed to demonstrate a well-founded fear of persecution, it

did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk